UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
Donald Gianquitto,                 )
            Petitioner             )
                                   )    Civil Action No. 10-10573-PBS
v.                                 )    Criminal No. 07-10340-PBS
                                   )
United States of America,          )
_____)


SARIS, U.S.D.J.

ORDER
May 11, 2011


    Pro se habeas petitioner Donald Gianquitto ("Petitioner"), who has pled guilty to being a felon in possession of ammunition under 18 U.S.C. § 922(g), brings a motion under 28 U.S.C. § 2255 on grounds that he received ineffective assistance of counsel. Petitioner claims that his counsel was deficient for three reasons: First, he contends that counsel did not argue for a base offense level ("BOL") reduction pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(2) for possessing "all ammunition and firearms solely for lawful sporting purposes or collection." However, the provision does not apply to defendants convicted of an offense outlined in § 2K2.1(a)(1)-(a)(4). As Petitioner "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or

a controlled substance offense[1]," § 2K2.1(a)(4)(A) precluded the sentencing court from considering a lower BOL pursuant to § 2K2.1(b)(2). § 2K2.1(a)(4). Given the thousands of rounds of ammunition and the 22 receivers under defendant's dominion and control in a locked closet in his basement, the Court considered the Section 3553(a) factors and would not have varied even if the argument had been made. However, the Court did sentence at the low end of the range. Second, Petitioner claims that counsel allowed him to plead guilty to a duplicitous charge of possessing both firearms and ammunition under § 922(g), when Petitioner pled guilty only to possession of ammunition at his Rule 11 hearing. The First Circuit has said that possession of both firearms and ammunition under § 922(g) constitutes a single offense. United States v. Verrecchia, 196 F.3d 294, 297-298 (1st Cir. 1999). As the charge under § 922(g) was not duplicitous, counsel had no obligation to inform Petitioner it was.

Third, in his affidavit (¶6) Petitioner claims that his attorney told him that the former AUSA promised he would not "push for jail time." He claims that he believed that the government was not going to oppose home confinement or more than six months home confinement. He asserts that his defense attorney was ineffective by failing to bring this promise to the Court's attention. The government shall show the Petitioner's affidavit to defense counsel and ask defense counsel to respond

---

[1] United States v. Gianquitto, 96-CR-10025

in an affidavit. Pending receipt of these documents, the Court will reserve ruling on this last issue.

                                           /s/ PATTI B. SARIS
                                           PATTI B. SARIS
                                           United States District Judge