**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Donald Gianquitto,  Petitioner,  v.  United States of America,  Respondent. | Civil Action No. 10-10573-PBS  Criminal No. 07-10340-PBS |

**MEMORANDUM AND ORDER**

November 3, 2011

**Saris, U.S.D.J.**

**I. Introduction**

Pro se petitioner Donald Gianquitto, who pleaded guilty to being a felon in possession of ammunition, brings a motion pursuant to 28 U.S.C. § 2255 on grounds that he received ineffective assistance of counsel.[1] Gianquitto claims that his counsel told him that the former assistant United States Attorney ("AUSA") on his case "was not going to push for jail time," and argues that his counsel was ineffective for failing to inform the Court of the AUSA's statements. Defense counsel denied he made this promise. Gianquitto requests an evidentiary hearing. Gianquitto's claim for ineffective assistance of counsel, as well as his request for an evidentiary hearing, is **DENIED**.

---

[1] This Court denied Gianquitto's two other ineffective assistance of counsel claims in its Order of May 11, 2011. (See Docket No. 51)

## II. Background

On September 11, 2007, the Melrose Police Department was contacted by a private alarm company at about 1:00 p.m. regarding an unauthorized entry into 36 Swains Pond Avenue, the residence of Gianquitto and his wife.  During a search to determine whether a burglar was still present, the police found weapons.  After the police obtained a warrant, agents seized two handguns, three shotguns, nine rifles, and twenty-one AR-15 style rifle receivers from two locked safes.  They found 100,000 rounds of ammunition.  At the time of the seizure, Gianquitto was a convicted felon, having been convicted of conspiracy to distribute cocaine and possession of cocaine.  On April 7, 2008, Gianquitto pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §922(g).

At the Rule 11 hearing:

THE COURT: Has anyone put you under pressure to get you to plead guilty?

THE DEFENDANT: No.
. . .

THE COURT: Has anyone promised you anything?

THE DEFENDANT: No.
...

THE COURT: Do you understand you're pleading guilty without the benefit of a written plea agreement with the government?

THE DEFENDANT: Yes.

THE COURT: Do you understand that I'm making no

2

>     promises about what my sentence will be?
>
>     THE DEFENDANT: Yes.

R. 11 Hearing 6:4-22.

On July 14, 2008, after an evidentiary hearing, the Court sentenced Gianquitto to 41 months of imprisonment, 24 months of supervised release, a $30,000 fine and a mandatory special assessment of $100. The guideline range was 41 to 51 months of imprisonment. On July 21, 2009, the First Circuit affirmed Gianquitto's sentence.

Gianquitto claims that his decision to plead guilty was induced by certain promises made by his Attorney Thomas J. Butters as well as former Assistant United States Attorney Timothy Q. Feeley, the original AUSA on the case, now a state court judge. In his original affidavit, Gianquitto stated that Butters told him that "AUSA Feeley was not going to push for jail time," and "Butters believed that AUSA Feeley would make these circumstances and facts clear to the Court at sentencing." Feeley was not present at sentencing, and was replaced by AUSA Kenneth Shine. In a subsequent declaration, Gianquitto adds that "Butters ensured my wife and myself a number of times . . . that there would be no jail time involved, [and] this strongly influenced my guilty plea." Gianquitto contends that Butters was ineffective for failing to inform the Court of Feeley's statements.

In his affidavit, Butters stated that he told Gianquitto before his plea that "[i]t was [his] opinion . . . that Mr. Feeley was not going to push hard for a Guideline sentence," and later told him after the plea "that Mr. Shine did not share Mr. Feeley's attitude toward the case." Butters adds, "I did not inform the Court of my opinion of Mr. Feeley's attitude since I did not believe that Mr. Gianquitto pled guilty based on any assertion by me regarding Mr. Feeley's sentencing position."

### III. Discussion

The two-part test of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." <u>Hill v. Lockhart</u>, 474 U.S. 52, 57 (1985). First, "defendant must show that counsel's representation fell below an objective standard of reasonableness" under the circumstances. <u>Strickland</u>, 466 U.S. at 688. Second, to demonstrate prejudice in the context of a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 57.

"Generally the imposition of a sentence greater than that expected by a defendant, or predicted by his counsel is not adequate grounds for vacating the sentence under 28 U.S.C. § 2255." <u>Calabrese v. United States</u>, 507 F.2d 259, 260 (1st Cir.

1974). "Even if the prediction had been inaccurate, an inaccurate prediction about sentencing will generally not alone be sufficient to sustain a claim of ineffective assistance of counsel." Knight v. United States, 37 F.3d 769, 775 (1st Cir. 1995).

Gianquitto argues that he is entitled to an evidentiary hearing to counter Butters' affidavit because Butters actually promised him that he would not serve jail time. "A district court may forego [an evidentiary] hearing when the movant's allegations . . . need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (internal citations and quotations omitted).

During the plea colloquy, Gianquitto denied under oath that anyone made any assurances regarding his sentence. Because both Feeley and Butters are experienced practitioners, it is unlikely that Feeley had promised that he would make a recommendation of no jail time, particularly in the absence of a plea agreement. It is highly unlikely that neither lawyer disclosed a promise if it had been made. Because the allegations of a promise are inherently incredible and contradict the record, petitioner is not entitled to an evidentiary hearing. See United States v. Pulido, 566 F.3d 52, 58 (1st Cir. 2009) (holding that criminal defendant was not entitled to an evidentiary hearing because his

5

allegations that his attorney and the government promised him a particular sentence were contradicted by his representations at the plea colloquy). In any event, defendant was put on notice that I was not making any promises, and it is highly unlikely that I would have varied downward to probation in the circumstances of this case even with a government recommendation. Therefore, even if there had been a false prediction and/or broken promise, there was no prejudice.

**ORDER**

The motion (Docket No. 40.) is DENIED.

                                    /s/ PATTI B. SARIS
                                    PATTI B. SARIS
                                    United States District Judge